UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CLARENCE MILLS, JR., § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. B-98-191 |
| GARY L. JOHNSON, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, INSTITUTIONAL DIVISION, § | |
| Respondent. § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Clarence Mills Jr. (Mills) filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Respondent Johnson has filed a Motion to Dismiss pursuant to 28 U.S.C. §2244(d). For the reasons stated below, Mills' habeas petition should be DENIED, and Respondent's Motion to Dismiss should be GRANTED.

## BACKGROUND

Mills is an inmate of the Stevenson Unit in Cuero, Texas. Mills was convicted of felony murder on August 18, 1994, and sentenced to twelve years in prison. *The State of Texas v. Clarence Mills, Jr.* No. 94-CR-304-C. The Thirteenth Court of Appeals affirmed Mills' conviction on January 16, 1996. *Mills v. State,* No. 13-94-450-CR at 5. Mills did not file a petition for discretionary review with the Texas Court of Criminal Appeals.

Mills challenged his conviction in a state application for a writ of habeas corpus. *Ex Parte Mills,* No. 38,086-01. The Court of Criminal Appeals denied the petition without written order on July 15, 1998. *Ex parte Mills,* at cover.

Mills now seeks federal habeas relief under 28 U.S.C. §2254; asserting two Sixth Amendment violations:

1. Ineffective assistance of trial counsel due to counsel's incompetence and bias during jury selection;

1

2. Ineffective assistance of appellate counsel due to:

    a. Counsel's failure to consult with Mills or trial counsel before submitting Mills' appellate brief; and

    b. Counsel's failure to inform Mills of his right to file a petition for discretionary review.

## ANALYSIS

Mills' petition should be dismissed because it is neither timely nor has the limitation period been tolled.

**1. Timeliness**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective on April 24, 1996, and apply to all habeas petitions filed after that date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997), 28 U.S.C. §2244. Mills filed his §2254 petition on September 14, 1998, therefore his petition is subject to the provisions of the AEDPA.

The AEDPA states that a person in custody may not apply for a writ of habeas corpus more than one year after the date judgment became final either by conclusion of a direct review or by expiration of the time for seeking such review. 28 U.S.C. §2244 (d)(1)(A) (West 1999).

Under the Texas Rules of Appellate Procedure, a party must file a petition for discretionary review with the Texas Court of Criminal Appeals 30 days after the court of appeals renders judgment. TEX. R. APP. P. 68.2(a).

Here, the court of appeals rendered judgment on January, 16, 1996. As such, the time to file a petition for discretionary review expired on February 16, 1996. Thus, the judgment became final on February 16, 1996, and the one-year limitation to file a federal habeas petition expired on February 16, 1997. His petition is therefore barred.

However, the Fifth Circuit held that a petitioner whose conviction preceded the AEDPA is allowed a reasonable time period from the date the AEDPA was passed to bring their habeas petition. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998). This reasonable time period runs from April 24, 1996 to April 24, 1997. *Flores*, 135 F.3d at 1006.

As the judgment became final on February 16, 1996, Mills' conviction preceded the

2

AEDPA, and he is entitled to this reasonable time period. Yet Mills did not file his §2254 petition until September 14, 1998; well beyond the April 24, 1997 deadline. Thus, his petition is still time barred.

### 2. Tolling

Neither statutory nor equitable tolling will render Mills' petition timely.

The limitation period for filing a federal habeas petition is tolled while a state post-conviction review is pending. 28 U.S.C. §2244(d)(2) (West 1999). Mills' state habeas petition was filed on June 12, 1998, and dismissed on July 15, 1998. *Ex parte Mills* at 1, cover. Since this petition was not filed until after the April 24, 1997 deadline, it has no tolling effect.

Equitable tolling is likewise unavailing. Under *Fisher v. Johnson,* if the court determines that a case presents sufficiently rare and exceptional circumstances, the AEDPA's statue of limitations may be equitably tolled. *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999). Rare and exceptional circumstances are not shown where a petitioner's delay in filing is due to ignorance of the law. *Fisher,* 174 F.3d at 714.

Here, Mills has not volunteered any explanation for the delay in filing his federal habeas petition. As such, rare and exceptional circumstances are not shown, and equitable tolling does not apply. Thus, his petition is time barred.

Therefore, Mills' petition for habeas relief on the grounds of ineffective assistance of trial and appellate counsel should be DENIED, and Respondent's Motion to Dismiss pursuant to 28 U.S.C. §2244 should be GRANTED.

### RECOMMENDATION

For the reasons set forth above, and Mills' Petition for a Writ of Habeas Corpus pursuant to §2254 should be DENIED, and Respondent's Motion to Dismiss should be GRANTED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judges report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from

3

a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas this 21st day of October, 1999.

_____
Felix Recio
United States Magistrate Judge

4